UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| EMMETT PAUL MOBLEY, III, | ) |
| Plaintiff, | ) Civil Action No. 09-392-JBC |
| vs. | ) |
| STATE OF KENTUCKY and S. MARIE HELLARD | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Emmett Paul Mobley III is a physician residing in the State of Hawaii who identifies Kentucky as his domicile. Mobley has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Commonwealth of Kentucky and S. Marie Hellard, an attorney retained by his wife to initiate divorce proceedings in the Circuit Court of Fayette County, Kentucky. [R. 2] Mobley seeks an injunction preventing the trial court from adjudicating a recently filed request for spousal maintenance *pendent lite* and a declaration from this Court advising the state trial court of the permissible bases and scope of any such relief in light of the federal constitutional rights he asserts. [R. 2 at pg. 9] Having reviewed the Complaint and the material filed in support thereof,[1] the Court has determined that it must abstain from exercising subject-matter jurisdiction over the Complaint, and will accordingly dismiss the Complaint without prejudice.

---

[1] Mobley has filed certain financial documents with his Complaint, some of which disclose personal financial information in violation of Federal Rule of Civil Procedure 5.2 and Joint General Order 04-01. In order to maintain the privacy of the information contained therein, the Court will direct the Clerk of the Court to place Record No. 2-7 under seal.

**I.    Factual Background.**

In his Complaint, Mobley indicates that on December 11, 2009, the Fayette Circuit Court was to hold a hearing on his wife's motion for temporary support for herself and the couple's minor child in divorce proceedings initiated by his wife on September 25, 2009. Mobley asserts that the Fayette Circuit Court's ruling on this motion may or will violate his rights under the Constitution of the United States, which he identifies as matters of "personal autonomy," and include his asserted right to choose, without state involvement, when to retire, whether to work full or part time, how to spend retirement savings, where to live, how to raise his son, and how to use his personal property.  Mobley seeks declaratory and injunctive relief under 42 U.S.C. § 1983.

**II.    Discussion.**

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This rule authorizes a district court to consider, on its own motion, the applicability of either the *Rooker-Feldman* doctrine[2] or *Younger* abstention.[3] *ADSA, Inc. v. Ohio*, No. 04-4525, 2006 WL 1008319, at * 2 (6th Cir. April 18, 2006); *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. September 24, 2003) (affirming dismissal of complaint upon initial screening under *Apple v. Glenn*, 183 F.3d 477 (1999) for lack of subject matter jurisdiction under *Younger* and *Rooker-Feldman*).

Mobley's Complaint includes allegations that his rights under the federal Constitution will or may be violated by the anticipated actions of the Fayette Circuit Court.  Such claims

---

[2]  See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

[3]  See *Younger v. Harris*, 401 U.S. 37 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).

ordinarily would fall within the Court's subject-matter jurisdiction to entertain claims involving a substantial question of federal law under 28 U.S.C. § 1331 or to redress a violation of civil rights under 28 U.S.C. § 1343(3).

However, even where federal jurisdiction otherwise exists, a federal court should abstain from hearing a claim where doing so would interfere with an ongoing state judicial proceeding absent proof that failing to do so would result in immediate, substantial, and irreparable injury to the federal plaintiff. *Moore v. Sims*, 442 U.S. 415, 423 (1979). Where the state proceeding implicates important state interests and affords the federal plaintiff an adequate opportunity to raise constitutional claims, abstention may be warranted. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is particularly appropriate where the state proceedings involve family matters such as divorce or child custody. *Moore*, 442 U.S. at 435; *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994).

Mobley's Complaint, in essence, seeks assurance that any interim or final orders entered by the Fayette Circuit Court in his divorce proceedings will comport with his federal constitutional rights. Such claims must be presented in the state court proceedings in the first instance; comity and due respect for the ability of state courts to faithfully adhere to the principles embodied in our federal Constitution require this Court to refrain from anticipatory meddling in matters properly before state judicial tribunals. *Kelm v. Hyatt*, 44 F.3d 415, 420-21 (6th Cir. 1995) ("the Ohio courts have given us no reason to question their ability or willingness to address Kelm's constitutional questions."); *see also Meyers v. Franklin County Court of Common Pleas*, 2001 WL 1298942, at * 4 (6th Cir. August 7, 2001) (upholding district court order dismissing federal civil rights complaint requesting

declaratory and injunctive relief from guardianship order issued by Ohio juvenile court under *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), which applies *Younger* abstention to civil claims). As Mobley has previously been advised,[4] he can and should seek vindication of his federal constitutional rights in his divorce proceedings in state court.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall place Record No. 2-7 **UNDER SEAL.**

2. Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate Judgment.

Signed on December 15, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[4] This is not the first time Mobley has sought federal intervention in his state divorce proceedings. In 1996, following the conclusion of divorce proceedings in Tennessee, Mobley sued the State of Tennessee, the presiding trial judge, and his ex-wife's attorney, asserting that these participants in his divorce proceedings violated his civil rights. *Mobley v. Cameron*, No. 96-723 (M.D. Tenn.) [R. 1, 26] On appeal, the Sixth Circuit affirmed the district court's dismissal of his claims under the *Rooker-Feldman* doctrine. *Mobley v. Cameron*, No. 97-5554, 1998 WL 69020, at *1 (6th Cir. Feb. 11, 1998) (noting that "Mobley's complaint presents only a thinly veiled attempt to obtain unauthorized federal review of his divorce case.")